UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

          - against -

BAREND OBERHOLZER,

          Defendant.
------------------------------------------------------------X

21-CR-475 (ALC)

ORDER DENYING COMPASSIONATE RELEASE

**ANDREW L. CARTER, JR., United States District Judge:**

BACKGROUND

On January 24, 2024, I sentenced Mr. Oberhozler to 15 months imprisonment for his role in a conspiracy to commit wire fraud. During the offense, Oberholzer engaged in a years-long scheme to defraud investors, including assuming the identity and falsifying the endorsement of a retired four star army general and the former head of the CIA.

On June 24, 2024, Oberhozler filed a motion with the Court seeking compassionate release and a sentence reduction. He filed an amended motion on June 28. The government opposed it on July 3, 2024. Oberholzer filed a reply on July 8 and another submission supporting his motion on July 16.[1]

---

[1] His reply is labeled on ECF as a second motion to amend/correct. His later submission is labeled as a first motion to alter judgment. To the extent he wishes these submissions to be treated as separate motions for compassionate release, they are denied for the reasons stated in this Order.

Oberholzer seeks compassionate release and a sentence reduction based on his medical condition, claiming he suffers from cauda equina syndrome and a degenerative disc disorder..

The government opposes his motion, claiming that he hasn't exhausted administrative remedies, he hasn't demonstrated extraordinary and compelling reasons and that the factors listed in 18 U.S.C. § 3553(a) counsel against release.

Oberholzer, in his amended motion, submitted *some* of his medical records from the BOP and *some* emails from the BOP. In response, the government submitted the medical records and emails omitted by Oberholzer. The medical records, viewed in their entirety, do not support Oberholzer's claims regarding his medical situation. Although Oberholzer claims he suffers from cauda equina syndrome, medical experts from an outside medical facility (WVMA) have concluded that he does not have cauda equina syndrome. They have similarly determined that his degenerative disc disorder is neither acute nor life threatening.

DISCUSSION

A)    LEGAL STANDARDS

A defendant may make a motion for compassionate release to a district court only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of

such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582.(c)(1)(A)(i).

If the defendant has exhausted all administrative rights, "A court may reduce the term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553 (a) to the extent they are applicable, if it finds that extraordinary and compelling circumstances warrant such a reduction... " 18 U.S.C. § 3582.(c)(1)(A). If delay will pose a serious threat to an inmate's health and safety, the court may waive the exhaustion requirement. *Washington v. Barr*, 925 F.3d 109, 119 (2d. Cir. 2019).

Although 3582 also requires that any sentence reduction be consistent with applicable policy statements issued by the Sentencing Commision, the Second Circuit has held that "district courts have discretion to consider the full slate of extraordinary and compelling reasons that an imprisoned person may bring before [the court] in motions for compassionate release" and that "neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1,13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020).

B) ANALYSIS

Oberholzer concedes that he has not exhausted administrative remedies with the BOP. He claims, however, that exhaustion should be excused due to the urgency of his medical situation. But nothing in the record indicates that his medical condition is acute or life threatening; therefore, his failure to exhaust is not excused.

Even if the failure to exhaust were excused, he has failed to demonstrate extraordinary and compelling reasons for a sentence reduction. Oberholzer suffers from degenerative disc disease and incontinence. Although these conditions cause disquiet and pain, he is receiving appropriate medical care in BOP custody. He has frequently consulted with FCI Sheridan medical staff. Staff have arranged medical visits to outside medical providers and specialists, including an orthopedic spinal surgeon and an urologist. He has also received emergency room care.

Even if he had established extraordinary and compelling reasons for early release, the factors set out in 18 U.S.C. § 3553 (a) counsel against release. Oberholzer engaged in a years-long scheme to defraud investors, including assuming the identity and falsifying the endorsement of a retired four star army general and the former head of the CIA. The need to deter criminal conduct and promote respect for the law counsel against early release.

The motion is denied.

**SO ORDERED.**

**Dated: October 8, 2024**
**New York, New York**

/s/ Andrew L. Carter, Jr.
**ANDREW L. CARTER, JR.**
**United States District Judge**